UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKELINE ASCENCIO, Individually and as Next Friend and Legal Guardian of P.C., a Minor, | § § § § | |
| | § | CIVIL ACTION NO. 4:22-cv-237 |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| UNITED STATES, | § § | |
| Defendant. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiffs Jackeline Ascencio, Individually and as Next Friend and Legal Guardian of P.C., a Minor ("Plaintiffs"), and file this Original Complaint against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and for causes of action would respectfully show unto the Court the following:

**SUMMARY**

1. This is a medical malpractice and negligence action arising from severe and permanent injuries suffered by Plaintiff P.C. during Plaintiff Jackeline Ascencio's labor and delivery. The actions of Defendant, individually and/or by and through its agents, servants, representatives, and/or employees including, but not limited to, Asian American Health Coalition of the Greater Houston Area, Hope Clinic, and Olubukola Ayeni-Ibitoye, M.D., caused injuries and damages to Plaintiffs for which these individuals and entities would be liable to Plaintiffs under applicable Texas law. Therefore, Plaintiffs bring these claims against the United States under the FTCA for the actions of its employees and/or agents.

## PARTIES

2. Plaintiff Jackeline Ascencio is an individual who resides in Fort Bend County, Texas. Ms. Ascencio is the mother and legal guardian of Plaintiff P.C.

3. Plaintiff P.C. is an individual minor who resides in Fort Bend County, Texas.

4. Defendant United States is sued for the personal injuries to P.C. and Plaintiff Ascencio, caused by the negligent or wrongful acts of its employees and/or agents. As described fully below, those employees and/or agents were acting within the scope of their office or employment under circumstances where the United States, if a private defendant, would be found liable to Plaintiffs under Texas law. *See* 28 U.S.C. § 1346(b). The United States may be served with process via email at USATXS.CivilNotice@usdoj.gov, and with a paper copy mailed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

5. Asian American Health Coalition of the Greater Houston Area ("AAHC") and Hope Clinic are domestic nonprofit corporations.

6. Olubukola Ayeni-Ibitoye, M.D. is an individual residing in Harris County, Texas.

7. Upon information and belief, and as represented by the United States, AAHC, Hope Clinic, and Dr. Ayeni-Ibitoye, among other individuals providing care for Plaintiffs, are/were employees, representatives, servants, and/or agents of the United States within the scope of 42 U.S.C. § 233, 28 C.F.R. § 15.3, 28 C.F.R. § 15.4, and/or 60 Fed. Reg. 22,530, 22,531.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346 because the suit involves a claim against the United States for injury caused by the negligent act(s) and/or omission(s) of a government employee/agent while acting within the scope of their office and/or

employment. This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1391(e).

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1402(b) because all or a substantial part of the events and/or omissions giving rise to the claims at issue in this lawsuit occurred in this District.

## CONDITIONS PREDEDENT

10. All conditions precedent have been performed or have occurred.

11. Plaintiffs timely presented their claims in writing to the Department of Health and Human Services.

## RESPONDEAT SUPERIOR

12. Defendant is legally responsible to the Plaintiffs for the acts and/or omissions of its employees, agents, servants, and representatives under the doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants, and representatives.

## MISNOMER/ALTER-EGO

13. In the event any parties are misnamed or are not included herein, it is Plaintiff's assertion that such was a "misidentification", "misnomer", and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff asserts that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

## FACTS

14. On or about July 30, 2019 and at all times relevant hereto, Plaintiffs Ascencio and P.C. were patients under the care of AAHC, Hope Clinic, and Dr. Ayeni-Ibitoye, having sought their professional expertise, judgment, skill, competence, advice and treatment in connection with

Plaintiff Ascencio's pregnancy. On or about July 30, 2019, Plaintiff Ascencio visited the HCA Houston Healthcare West healthcare facility to give birth to Plaintiff P.C. Dr. Ayeni-Ibitoye was Plaintiffs' attending physician during that birth and oversaw the healthcare services provided to Plaintiffs on that day.

15. During the course of said treatment, Plaintiff P.C. suffered permanent brachial plexus injuries due to AAHC, Hope Clinic, and Dr. Ayeni-Ibitoye's actions and inactions.[1]

16. Plaintiffs state that specific acts and omissions of AAHC, Hope Clinic, and Dr. Ayeni-Ibitoye were the proximate cause of said injuries, but even if the acts or omissions causing the harm cannot be proved, the instrumentalities that caused Plaintiff P.C.'s injuries were under the exclusive management and control of AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye at the time Plaintiff P.C. was injured.

17. Plaintiffs' own conduct did not contribute to the injuries in any way, and but for AAHC, Hope Clinic, and Dr. Ayeni-Ibitoye's negligence, Plaintiff P.C. would not have been injured.

18. At all times relevant hereto, AAHC and Hope Clinic provided medical care and advice through their directors, officers, employees, and/or agents, including but not limited to Dr. Ayeni-Ibitoye.

19. At all times relevant hereto, AAHC and Hope Clinic had a duty to comply with the standard of care and have policies and procedures, education, training, and supervision of staff, as well as quality assurance mechanisms in place to ensure Plaintiffs were properly and adequately

---

[1] Plaintiffs' claims against HCA Houston Healthcare West are pending in a separate forum. *See Ascencio, et al. v. HCA Houston Healthcare West*, Cause No. 2021-46059, In the 269th Judicial District Court of Harris County, Texas. This Complaint, and any omission of detail as to HCA Houston Healthcare West's potential liability, shall not operate as a waiver, concession, or admission against interest as to Plaintiffs' pending claims against HCA Houston Healthcare West.

assessed, monitored, and evaluated during Plaintiff Ascencio's labor and deliver.

20. AAHC and Hope Clinic were negligent in failing to conform to said duty to have policies and procedures, education, training, and supervision of staff, and quality assurance mechanisms in place to ensure Plaintiffs were properly and adequately assessed, monitored, and evaluated. AAHC and Hope Clinic also had a duty to properly hire, train, and supervise their employees. AAHC and Hope Clinic were also negligent by failing to properly hire, train, and supervise their employees.

21. AAHC and Hope Clinic, acting through their directors, officers, employees, and/or agents, had a duty of care to Plaintiffs to exercise that degree of care, skill, supervision, and diligence ordinarily possessed and used by other healthcare providers under the same or similar circumstances.

22. AAHC and Hope Clinic, acting through their directors, officers, employees, and/or agents, violated the duty of care owed to Plaintiffs.

23. AAHC and Hope Clinic, through their directors, officers, employees, and/or agents, were negligent in the following respects and particulars among others:

    a. Failing to properly perform the medical treatments necessary to Plaintiff Ascencio's and P.C.'s welfare according to the applicable standards of care;

    b. Failing to adhere to the acceptable standards for physicians and medical professions by failing to recognize the patient's high risk for shoulder dystocia;

    c. Failing to properly assess the Plaintiffs' needs and evaluate the medical condition of the patients;

    d. Failing to direct a proper course of physician's care based upon the existing condition of the patient;

    e. Failing to direct a proper course of nursing care based upon the existing condition of the patient;

    f. Failing to properly apply primary and secondary maneuvers in an

    emergency shoulder dystocia situation; and

  g. Being otherwise negligent.

24. To the extent Plaintiffs are unable to fully or accurately describe the specific acts and/or omissions on the part of AAHC and Hope Clinic that caused P.C.'s injuries, nonetheless, the instrumentalities that caused those injuries were under the exclusive management and control of AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye, at the time P.C. was injured. Plaintiffs' own conduct did not contribute to the injuries in any way, and but for the negligence of AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye, Plaintiff P.C. would not have been injured. Plaintiffs therefore invoke the doctrine of *res ipsa loquitur* to establish negligence on the part of AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye.

25. Dr. Ayni-Ibitoye provided medical care, advice and treatment to Plaintiff Ascencio and P.C. in connection with P.C.'s birth.

26. Dr. Ayeni-Ibitoye had a duty of care she owed to Plaintiffs to exercise that degree of care, skill, and diligence ordinarily possessed and used by other members of the medical profession in good standing under the same or similar circumstances.

27. Dr. Ayeni-Ibitoye violated the duty of care she owed to Plaintiffs.

28. Dr. Ayeni-Ibitoye was negligent in the following respects and particulars among others:

  a. Failing to properly conform the medical treatment necessary to Plaintiffs' welfare according to the standards set by the medical profession;

  b. Failing to adequately treat Plaintiff Ascencio's serious medical condition and exposing her to unnecessary risk of injury to herself and P.C.;

  c. Failing to recognize and/or acknowledge her recognition of Plaintiff Ascencio's and P.C.'s symptoms that resulted from Dr. Ayeni-Ibitoye's treatment of Plaintiff Ascencio and P.C.;

  d. Failing to fully and completely disclose the risks and/or hazards of a vaginal

  delivery based on the increased risk factors of Plaintiff Ascencio for shoulder dystocia;

e. Failing to consult a specialist when Dr. Ayeni-Ibitoye knew or should have known that her skills, knowledge or facilities were inadequate to properly treat Plaintiffs under the circumstances as they then existed;

f. Failing to properly apply primary and secondary maneuvers used in emergency shoulder dystocia situations; and

g. Being otherwise negligent.

29. Plaintiffs had a reasonable belief Dr. Ayeni-Ibitoye was an agent of AAHC, and/or Hope Clinic. AAHC, and/or Hope Clinic held Dr. Ayeni-Ibitoye out as an agent, and the Plaintiffs justifiably relied on this representation. Therefore, any actions committed by Dr. Ayeni-Ibitoye are imputable to AAHC, and/or Hope Clinic.

30. Each and every, all and singular of the foregoing acts and omissions, on the part of the United States, by and through AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## CAUSE OF ACTION
## NEGLIGENCE

31. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32. Defendant, individually and/or by and through its agents, servants, representatives, and/or employees, acting in the course and scope of their employment, were negligent in their case and treatment of Plaintiffs as described above.

33. Defendant, individually and/or by and through its agents, servants, representatives, and/or employees, acting in the course and scope of their employed, owed Plaintiffs a duty of care and breached that duty of care as described above.

34. As a direct and proximate cause of the breaches of care committed by Defendant's

Case 4:22-cv-00237 Document 1 Filed on 01/24/22 in TXSD Page 8 of 11

employees and/or agents, Plaintiffs have been damaged and continue to be damaged as discussed in more detail below.

## DAMAGES FOR PLAINTIFF P.C.

35. Plaintiffs incorporate all factual allegations made above.

36. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff P.C. was caused to suffer permanent injury.

37. As a result of Defendant's negligent acts, by and through AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye, Plaintiff P.C. suffered needlessly with anxiety, pain, and illness resulting in damages more fully set forth below. Plaintiff P.C. incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   b. Reasonable and necessary medical care and expenses, which in all reasonable probability, will be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Mental anguish in the past;

   e. Physical pain and suffering in the future;

   f. Mental anguish in the future;

   g. Physical impairment in the past;

   h. Physical impairment which, in all reasonable probability, will be suffered in the future;

   i. Loss of earning capacity which will, in all probability, be incurred in the future;

   j. Loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, and/or services;

   k. Loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, and/or services;

-8-

    l. Loss of parental consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    m. Loss of parental consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    n. Loss of full arm function;

    o. Loss of household services in the future;

    p. Disfigurement in the past;

    q. Disfigurement in the future;

    r. Fear of future disease or condition; and

    s. Cost of medical monitoring and prevention in the future.

## DAMAGES FOR PLAINTIFF JACKELINE ASCENCIO

38. Plaintiffs incorporate all factual allegations made above.

39. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Ascencio was caused to suffer injuries.

40. As a result of Defendant's negligent acts, by and through AAHC, Hope Clinic, and/or Dr. Ayeni-Ibitoye, Plaintiff Ascencio incurred the following damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Ascencio for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    b. Reasonable and necessary medical care and expenses, which in all reasonable probability, will be incurred in the future;

    c. Loss of consortium in the past, including damages to the family relationship, loss

      of care, comfort, solace, companionship, protection, services, and/or physical relations;

  d. Loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

  e. Loss of household services in the future; and

  f. Cost of medical monitoring and prevention in the future.

## JURY TRIAL DEMAND

41. Plaintiffs hereby requests a trial by jury.

## PRAYER

42. For these reasons, Plaintiffs seek judgment against Defendant for:

  a. Damages in an amount to be determined at trial;

  b. Pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

  c. Post-judgment interest at the maximum allowable rate;

  d. Costs of court; and

  e. Such other and further relief to which Plaintiffs may be entitled at law or in equity.

Date: January 24, 2022

        Respectfully submitted,

        HODGES & FOTY, LLP

        */s/ David W. Hodges*
        David W. Hodges
        Texas Bar No. 00796765
        dhodges@hftrialfirm.com
        4409 Montrose Boulevard, Suite 200
        Houston, Texas 77006
        Tel: (713) 523-0001; Fax: (713) 523-1116

        *Attorney-in-Charge for Plaintiffs*

Of Counsel for Plaintiffs:

William M. Hogg
Federal ID No. 3060906
whogg@hftrialfirm.com
Jerry W. Mason
Federal ID No. 2914478
jmason@hftrialfirm.com
HODGES & FOTY, LLP
4409 Montrose Boulevard, Ste. 200
Houston, Texas 77006
Tel. (713) 523-0001; Fax (713) 523-1116